### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

| | |
|---|---|
| NICHOLAS S. KOTELNICKI, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  9:23-cv-81047 |
| DILIGENT FINANCIAL INC., d/b/a<br>DILIGENT FINANCIAL GROUP, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** NICHOLAS S. KOTELNICKI ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of DILIGENT FINANCIAL INC., doing business as Diligent Financial Group ("Defendant") as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Credit Repair Organizations Act ("CROA") pursuant to 15 U.S.C. § 1679 *et seq*., and the Florida Credit Service Organization Act ("FCSOA") pursuant to Fla. Stat. § 817.700 *et seq.*

### JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by the CROA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.      Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as Plaintiff resides in the Southern District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

### PARTIES

5.      Plaintiff is a consumer over 18-years-of-age residing in Boynton Beach, Florida.

6.      Defendant is a credit repair organization that provides consumer credit repair services under the guise that its services go towards reestablishing and assisting consumers with their credit troubles.[1] Defendant is a California corporation that operates nationwide, including the State of Florida, with its principal place of business located at 17130 Van Buren Boulevard, Suite 1033, Riverside, California 92504.

7.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8.      In or around April 2022, Plaintiff began experiencing financial hardship that resulted in him falling behind on a variety of consumer accounts.

9.      Shortly thereafter, Plaintiff's creditors began reporting late payments to his credit reports resulting in decreased ratings.

10.     Unsatisfied with the current standing of his consumer credit reports, Plaintiff began researching companies to help him improve his credit rating.

11.     In or around May 2022, Plaintiff happened upon Defendant through its representations that it could help consumers improve their creditworthiness. Defendant promised

---

[1] https://diligentfinancialgroup.net/about-us.html

Plaintiff that it would be able to remove negative marks from Plaintiff's consumer credit reports and increase his overall credit score.

12.     After discussing specific plans to remove negative accounts and improve Plaintiff's credit scores, Plaintiff entered into a contract with Defendant for the provision of credit repair services.

13.     In accordance with the terms of the agreement, Plaintiff paid Defendant an initial fee of $149 followed by a payment of $128 per month in exchange for Defendant's services of reviewing Plaintiff's credit, removing negative or misleading accounts, including inquiries, and improving his overall credit scores.

14.     Whereas $29 out of the $128 monthly payment that Plaintiff completed, was applied to the Credit Monitoring Services that Defendant offered.

15.     Plaintiff proceeded to make his monthly payments to Defendant on a consistent and timely basis.

16.     Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along, telling him what he wanted to hear in order for him to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's credit repair services.

17.     Moreover, Defendant informed Plaintiff that it was sending credit disputes on his behalf as a means to more promptly address the issues on Plaintiff's credit reports, however, Defendant's conduct in this regard misleadingly represented the extent to which the credit reporting agencies are obligated to respond to credit disputes submitted by credit repair organizations.

18.     Despite Defendant's assurances, Plaintiff's credit scores decreased since he started utilizing Defendant's services. Defendant further promised that negative and misleading accounts would be removed from his credit reports. However, these promises were never fulfilled, and Plaintiff continues to have negative accounts reporting on his credit file.

19.     In July 2022, dissatisfied with the sums of money paid for deficient credit repair services and false promises, Plaintiff cancelled his contract with Defendant.

20.     In total, Plaintiff paid approximately $562 to Defendant for credit repair services Defendant never delivered on.

21.     Since Plaintiff's enrollment in Defendant's credit repair service, Plaintiff did not see any increase in his creditworthiness despite Defendant's promises that Plaintiff detrimentally relied on.

22.     Instead, Plaintiff's credit score has decreased due to Defendant's deficient credit repair services and Plaintiff continues to have negative marks being reported on his credit scores.

23.     Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights.

24.     Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, as well as numerous violations of his state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

25.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

26.     Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

a.   **Violations of CROA § 1679b(a)**

27.     The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

28.      Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. Defendant advised that it would actively remove the inaccurate accounts and inquiries from Plaintiff's credit report and increase Plaintiff's overall scores but failed to fulfill that promise.

29.     Defendant further acted deceptively when it suggested to Plaintiff that his monthly payments were being used to remove identified accounts within Plaintiff's credit reports.

b.   **Violations of CROA § 1679b(b)**

30.     The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance

of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

31.     Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant's practice of charging a retainer for services upfront, before such services is performed, is inherently in violation of the CROA. Defendant similarly withheld sums for credit repair services it never actually performed.

32.     As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, NICHOLAS S. KOTELNICKI, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.     Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.     Awarding Plaintiff actual damages to be determined at hearing, as provided under 15 U.S.C. § 1679g(a)(1);

c.     Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d.     Awarding Plaintiff's costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e.     Awarding any other relief as the Honorable Court deems just and appropriate

### COUNT II – VIOLATIONS OF THE FLORIDA CREDIT SERVICE ORGANIZATIONS ACT

33.     Plaintiff is a "buyer" as defined by Fla. Stat. § 817.7001(1).

34.     Defendant is a "credit service organization" as defined by Fla. Stat. § 817.7001(2)(a).

a.  **Violation of FCSOA § 817.7005**

35.      FCSOA, pursuant to Fla. Stat. § 817.7005, provides a list of prohibited conduct for credit services organizations.

36.      Pursuant to Fla. Stat. § 817.7005(1), a credit service organization must not charge or receive any money or other consideration prior to full and complete performance of its services, unless it has maintained a surety bond with the state, in which case the sums paid must be retained until full performance of the services are rendered.

37.      Defendant violated Fla. Stat. § 817.7005(a) through its charging Plaintiff prior to full and complete performance of its services without reimbursing Plaintiff for its incomplete services.

38.      Pursuant to Fla. Stat. § 817.7005(4), a credit service organization cannot "[m]ake or use any false or misleading representations or omit any material fact in the offer or sale of the services of a credit service organization or engage, directly or indirectly, in any act, practice, or course of business that operates or would operate as fraud or deception upon any person in connection with the offer or sale of the services of a credit service organization, notwithstanding the absence of reliance by the buyer.

39.      Defendant violated the above referenced provision of the FCSOA by making a false and misleading representation when it promised Plaintiff to remove all negative marks on his credit report and increase his overall credit scores but failed to deliver that promise despite Plaintiff's payments to Defendant in detrimental reliance on its promise.

40.      Additionally, Plaintiff's credit scores have decreased as a result of Defendant's deficient credit repair services despite Defendant's assurances that his scores would only increase.

41.      As alleged above, Plaintiff was harmed by Defendant's unlawful practices.

WHEREFORE, Plaintiff, NICHOLAS S. KOTELNICKI, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Fla. Stat. § 817.706(1);

c. Awarding Plaintiff punitive damages pursuant to Fla. Stat. § 817.706(1);

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Fla. Stat. § 817.706(1); and,

e. Awarding any other relief as this Court deems just and appropriate

**Plaintiff demands a Trial by Jury**

Dated: July 18, 2023

Respectfully submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue,
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com